# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

COURTNEY GREEN,

        Plaintiff,

v.

R.N. SHAW, R.N. AUGUSTE,

        Defendants.

3:17-cv-00913 (CSH)

OCTOBER 18, 2017

## RULING ON MOTIONS

**Haight, Senior District Judge:**

Plaintiff Courtney Green ("Plaintiff"), proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983 on June 2, 2017. Plaintiff is currently incarcerated at Osborn Correctional Institution ("Osborn"), in Connecticut. Plaintiff filed an Amended Complaint on July 10, 2017. On August 17, 2017, this Court issued an Initial Review Order, permitting Plaintiff's section 1983 claims based on a violation of the Eighth Amendment to proceed against Defendant R.N. Shaw and Defendant R.N. Auguste ("Defendants") in their individual capacities. Familiarity with the facts alleged in Plaintiff's Amended Complaint is presumed.

On September 22, 2017, Plaintiff filed a Motion for Prejudgment Remedy, Doc. 13, and a Motion to Disclose Property, Doc. 14. Defendants object to both motions. Docs. 16, 17. For the reasons set forth below, Plaintiff's Motion for Prejudgment Remedy and Motion to Disclose Property are DENIED.

## I.   LEGAL STANDARD

A prejudgment remedy is intended to secure the satisfaction of a potential monetary judgment. *Cendant Corp. v. Shelton,* No. 3-06-CV-854, 2007 WL 1245310, at *2 (D. Conn. Apr. 30, 2007); Fed. R. Civ. P. 64. State law is determinative of when and how a provisional remedy may be obtained. *See* Fed. R. Civ. P. 64; *Bahrain Telecomm. Co. v. DiscoveryTel, Inc.*, 476 F. Supp. 2d 176, 183 (D. Conn. 2007); *see also Everspeed Enterprises Ltd. v. Skaarup Shipping Int'l.*, 754 F. Supp. 2d 395, 401 (D. Conn. 2010) ("Rule 64 of the Federal Rules of Civil Procedure permits a plaintiff to utilize the state prejudgment remedies available to secure a judgment that might ultimately be rendered in an action.").

"Under Connecticut law, a prejudgment remedy is appropriate if the court, 'upon consideration of the facts before it and taking into account any defenses, counterclaims or setoffs ... finds that the plaintiff has shown probable cause that such a judgment will be rendered in the matter in the plaintiff's favor in the amount of the prejudgment remedy sought[.]'" *Roberts v. TriPlanet Partners, LLC*, 950 F. Supp. 2d 418, 420 (D. Conn. 2013) (quoting Conn. Gen. Stat. § 52-278d(a)). Thus, "[a] prejudgment remedy may be obtained when the plaintiff establishes that there is probable cause to sustain the validity of his claims." *Davila v. Secure Pharmacy Plus*, 329 F. Supp. 2d 311, 313 (D. Conn. 2004) (citing Conn. Gen. Stat. § 52-278d).

Section 52-278b of the Connecticut General Statutes provides that "no prejudgment remedy shall be available to a person in any action at law or equity (1) unless he has complied with the provisions of sections 52-278a to 52-278g[.]" Conn. Gen. Stat. § 52-278b. Section 52-278c sets forth the required documents that must be filed in connection with an application for a prejudgment remedy, and the required notice that must be served upon a defendant. Conn. Gen. Stat. § 52-278c.

Except in instances inapplicable here, an application for a prejudgment remedy must be accompanied by an "affidavit sworn to by the plaintiff or any competent affiant setting forth a statement of facts sufficient to show that there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought[.]" Conn. Gen. Stat. § 52-278c(a)(2); *see also Davila*, 329 F. Supp. 2d at 313. Further, section 52-278c "requires that a notice and claim form containing specific language be attached to the application for prejudgment remedy." *Davila*, 329 F. Supp. 2d at 314 (citing Conn. Gen. Stat. § 52-278c(e), (f), and (g)). The purpose of this requirement is "to apprise respondent parties that they have rights and options that might otherwise be unknown to them." *Robertson v. Bai, Pollock, Blueweiss, & Mulcahey, P.C.*, No. CV085018161S, 2008 WL 4926749, at *1 (Conn. Super. Ct. Oct. 29, 2008).

## II. DISCUSSION

### A. Motion for Prejudgment Remedy

Plaintiff moves for a prejudgment remedy in the amount of $50,000 per Defendant. Doc. 13. To secure this sum, Plaintiff moves to attach Defendants' properties; garnish their wages; and seize any jewelry, paychecks, bank accounts, stocks, bonds, automobiles, and houses. *Id.* at 2-3. In support of his application, Plaintiff states, in a rather conclusory fashion, that there is "probable cause that a judgment will be rendered in the matter in favor of the plaintiff[.]" Doc. 13 at 1-2. Defendants oppose Plaintiff's motion, arguing, *inter alia*, that it is procedurally infirm.

Plaintiff's motion for a prejudgment remedy does not comply with the statutory requirements set forth in section 52-278c of the Connecticut General Statutes. Indeed, Plaintiff has failed to submit a sworn affidavit that sets forth facts sufficient to establish that there is probable cause that a judgment will be rendered in his favor in the amount sought, as required by section 52-278c(a)(2)

of the Connecticut General Statutes. Plaintiff has also neglected to attach to his motion the notice and claim form required by section 52-278c(e), (f), and (g). Plaintiff's motion is further deficient in that it does not include order and summons forms, as directed by section 52-278c(a) and (b). The failure to submit such an affidavit and the failure to attach the appropriate forms requires denial of Plaintiff's motion. *See, e.g.*, *Adeyemi v. Murphy*, No. 3:12CV960, 2012 WL 6155213, at *2 (D. Conn. Dec. 11, 2012) (denying a motion for prejudgment remedy for failure to comply with the statutory requirements of Conn. Gen. Stat. § 52-278c); *Porter v. Yale Univ. Police Dep't*, No. 3:11-CV-526, 2011 WL 3290212, at *4 (D. Conn. Aug. 1, 2011) (same); *Joyce v. Hanney*, No. 3:05-CV-1477, 2009 WL 2488022, at *1 (D. Conn. Aug. 12, 2009) (same)*; Davila,* 329 F. Supp. 2d at 313 (same). As Plaintiff's application for a prejudgment remedy does not comply with the statutory requirements, the motion will be denied without prejudice.

B.     **Motion to Disclose Property**

Plaintiff has also filed a Motion to Disclose Property, pursuant to Rule 64 of the Federal Rules of Civil Procedure, and section 52-278n of the Connecticut General Statutes.[1] Section 52-

---

[1] Plaintiff has also filed a Notice of Lis Pendens. Doc. 15. When an action is intended to affect real property, a notice of lis pendens – or pending suit – may be recorded in the office of the town clerk of each town in which the property is located. Conn. Gen. Stat. § 52-325. Such recording is valid only where the pending action will "affect the title to or an interest in the real property itself." *Coughlin v. E. Sav. Bank*, No. 3:13-CV-1597, 2015 WL 687450, at *4 (D. Conn. Feb. 17, 2015) (quoting *Garcia v. Brooks St. Assocs.,* 209 Conn. 14, 22 (1988)). Section 52-325 sets forth additional requirements which must be complied with for the notice to be valid. *Id.*; *see* Conn. Gen. Stat. § 52-325(c). From the notice filed with the Court, it is not clear whether a notice of lis pendens has been recorded against any real property; nor is it apparent that Plaintiff has complied with the statutory requirements for filing such a notice. In any event, the Court notes that such a notice would not appear to be appropriate here, as this is not an action intended to affect real property within the meaning of section 52-325(b). *See Hyman v. Perillie*, No. CV970405539, 2000 WL 1765362, at *2 (Conn. Super. Ct. Nov. 3, 2000) (discharging a notice of lis pendens in an action for money damages, stating that a notice of "lis pendens is not a substitute for the prejudgment remedy procedure in a civil suit for money damages").

278n provides that the court "may, on motion of a party, order an appearing defendant to disclose property in which he has an interest or debts owing to him sufficient to satisfy a prejudgment remedy. The existence, location and extent of the defendant's interest in such property or debts shall be subject to disclosure. The form and terms of disclosure shall be determined by the court." Conn. Gen. Stat. § 52-278n(a). Such disclosure may be ordered only "after it has determined that the party filing the motion for disclosure has, pursuant to section 52-278d, 52-278e or 52-278i, probable cause sufficient for the granting of a prejudgment remedy." *Id.* at (c); *see also Wachovia Bank, N.A. v. Cummings*, No. 3:09-CV-957, 2010 WL 466160, at *9 (D. Conn. Feb. 8, 2010) ("Generally, under Connecticut law, a disclosure of assets is ordered if a prejudgment remedy is ordered." (citation omitted)). As Plaintiff has not established that there is probable cause that a judgment will be rendered in his favor in the amount sought, Plaintiff's motion for disclosure of Defendants' assets will be denied.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Prejudgment Remedy and Motion for Lien of Property [Doc. 13] and Plaintiff's Motion to Disclose Property [Doc. 14] are DENIED, without prejudice to renewal.

**It is SO ORDERED.**

    **Dated: New Haven, Connecticut**
    **October 18, 2017**

    */s/ Charles S. Haight, Jr.*
    **CHARLES S. HAIGHT, JR.**
    **Senior United States District Judge**